**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RICARDO ALBERTO HERNANDEZ CASALLAS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1471-J** |
| **DON JONES, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ricardo Alberto Hernandez Casallas, a noncitizen and Venezuelan national proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. The Government responded, Doc. 12, and Petitioner replied, Doc. 16. So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court dismiss Petitioner's second habeas petition as an abuse of the writ.

**I. Factual background and procedural history.**

Petitioner received a bond hearing after this Court ordered Respondents to provide him a "prompt" one. *Casallas v. Jones*, No. CIV 26-53-J, Doc. 16, at 7 (W.D. Okla. Feb. 6, 2026) (*Casallas* I). In a Motion to Grant Release, Petitioner challenged the process he received during that hearing, which resulted in the denial of bond. *Id.* Doc. 21. This Court adopted Magistrate Judge Stephens' recommendation that it deny relief. *Id.* Docs. 28, 29.

**II. Analysis.**

Respondents urge the Court to dismiss the petition as an abuse of the writ. Doc. 12, at 2. The Court should agree with Respondents.

"The principle called 'abuse of the writ' developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4 (W.D. Okla. Sep. 10, 2026) (citing *Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the

abuse of the writ doctrine)).[3] The abuse-of-the-writ doctrine authorizes a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-495.

In the current petition, Petitioner asserts that his "prior bond hearing did not cure the present constitutional injury" because he "remains detained." Doc. 1, at 13. He challenges his "continued detention that persists after the prior hearing and after the record has developed." *Id.* He points to his prior years of supervision, lack of any violations, his fixed residence, his sponsor and community support, his USCIS/TPS records, his employment, his maintenance of insurance, and payment of taxes, and his willingness to comply with the Alternatives to Detention program and reporting requirements. *Id.* at 15. He

---

[3] 28 U.S.C. § 2244(a) itself "does not bar [an immigration] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States,' and [an immigration] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Doc. 11, at 3 n.3 (W.D. Okla. June 17, 2026) (citing *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)).

seeks immediate release under supervision or another bond hearing where the Government must "justify [his] continued detention." *Id.*

Petitioner's appeal of his removal order to the Board of Immigration Appeals is still pending. *Id.* at 4. So he remains detained under 8 U.S.C. § 1226(a). *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (holding that the statutory authority under § 1226(a) for the petitioner's initial detention remained while the petitioner was appealing his removal order to the court of appeals); *see also Casallas* I, Doc. 16 (finding section "1226 controls his detention"). As noted, Petitioner received a bond hearing under § 1226(a) in front of an Immigration Judge (IJ). *See Casallas* I, Doc. 28, at 7-9.

This Court has already concluded it cannot substitute its judgment for the IJ on the question of bond. *Id.* Doc. 28, at 5; *see also* 8 U.S.C. § 1226(e). And, on the question of whether Petitioner received the process he was due at the bond hearing, the Court concluded Petitioner had not demonstrated a violation of his due process rights. *Casallas* I, Doc. 28, at 7.

Despite this history, Petitioner argues this Court can reanalyze his present detention to determine whether "Respondents possess and can identify lawful statutory authority" to keep him detained despite his history of compliance and community ties. Doc. 1, at 6. But, as this Court has already found, Petitioner's detention is governed by § 1226(a). *Casallas* I, Doc. 16. And

his continued detention under § 1226(a) differs from the indefinite detention at issue in *Zadvydas v. Davis,* 533 U.S. 678 (2001), because it is tied to the completion of removal proceedings. *Prieto-Romero*, 534 F.3d at 1062-65. Those proceedings are "subject to strict procedural rules," providing an "independent, external constraint" that ensures resolution within a reasonable period. *Id.* at 1064-65

Petitioner has attempted to recast his claims from *Casallas* I, but he otherwise makes similar factual arguments that Respondents are continuing to detain him without a proper basis. Doc. 1, at 10-13. But the Court has already examined the immigration records and determined that Petitioner received an adequate bond hearing, as required by 8 U.S.C. § 1226. *Casallas* I, Docs. 28, 29. Because the Court has addressed the same issues in Petitioner's prior habeas action, the current petition is an abuse of the writ and the Court should dismiss it. *See, e.g.*, *Singh v. Warden, Otero Cnty. Processing Ctr.*, 2026 WL 1815471, at *2 (D.N.M. June 24, 2026) (ordering petitioner to show cause why the court should not dismiss the second petition for abuse of the writ where although his arguments were "phrased slightly differently than before" both petitions "appear to turn on the same issue [of] whether Petitioner received adequate process in connection with his immigration detention").

## III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss Petitioner's habeas petition for abuse of the writ. The Court should also deny Petitioner's pending motions as moot. Docs. 3, 4.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 6, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 15th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE